■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LASONIA PARKER, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from her conviction of manslaughter in the second degree, defendant contends that the sentence was harsh and excessive and that she was deprived of a fair trial by prosecutorial misconduct and erroneous instructions and evidentiary rulings by the court. Defendant's contentions lack merit. The court did not abuse its discretion in imposing the maximum permissible term of 5 to 15 years. Defendant's challenge to the severity of her sentence merely restates her justification defense, which the jury properly rejected on this record.

Defendant's first claim of prosecutorial misconduct concerns an exchange that took place during cross-examination of

defendant when the prosecutor, expressing disbelief of defendant's claim that the fight was witnessed by at least eight bystanders, asked defendant, "Are they out in the hallway getting ready to testify?". Defense counsel immediately objected, and the court sustained the objection, struck the question, and instructed the jury to disregard it. Defense counsel made no immediate request for a mistrial or further curative instructions, but at the close of proof moved for a mistrial, which the court denied. The court did not abuse its discretion in refusing to grant a mistrial. The question, although improper, did not deprive defendant of a fair trial. Moreover, the court's prompt action striking the question and instructing the jury not to consider it adequately cured the error.

Defendant's claims of prosecutorial misconduct on summation are not preserved for our review and, even if preserved, would not require reversal.

Finally, defendant was not deprived of a fair trial by the court's rulings and instructions. Our review of the record indicates that the court's conduct of the trial was proper. (Appeal from judgment of Supreme Court, Erie County, Marshall, J.—manslaughter, second degree.) Present—Denman, J. P., Green, Pine, Balio and Lawton, JJ.